UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALDO ANTONIO SANDOVAL ABZUN,

Petitioner,

v.

KENNETH GENALO, NYC Director Enforcement &
Removal Operations Immigration and Customs
Enforcement; TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement, KRISTI NOEM,
in her official capacity as Secretary of the U.S.
Department of Homeland Security; and PAMELA
BONDI, in her official capacity as Attorney General, U.S.
Department of Justice,

Respondents.

No. 25-CV-9489

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

On November 10, 2025, the Petitioner, Donaldo Sandoval Abzun, was detained by U.S.

Immigration and Customs Enforcement. Dkt. No. 1 ("Pet.") ¶ 4.  He subsequently filed a petition

for a writ of habeas corpus seeking immediate release from custody. On November 24, 2025, the

Court held a hearing on the Petition, after which it ordered Mr. Sandoval Abzun's immediate

release, finding that the Government violated his right to due process under the Fifth Amendment.

Dkt. No. 18 ("Mem. Opinion & Order").  Mr. Sandoval Abzun was released the same day.  Dkt.

No. 19.

This Memorandum Opinion and Order memorializes the reasons underlying the grant of

Mr. Sandoval Abzun's Petition.  The circumstances of Mr. Sandoval Abzun's detention are

materially indistinguishable from those considered by this Court in *Rivera Esperanza v. Francis*,

No. 25-CV-8727 (RA), 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025). In *Rivera Esperanza*, the Court

concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. §

1225(b)(2)(A), as the Government contended.  *Rivera Esperanza*, 2025 WL 3513983, at *2–6.

The Court also determined that, because the Government did not provide the petitioner any process

before his arrest under Section 1226, it violated the petitioner's right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003)).

The only difference between the circumstances in *Rivera Esperanza* and here is that Mr. Sandoval Abzun was not initially detained at the border and therefore was not subsequently released on his own recognizance. *See* Dkt. No. 9 ("Gov't's Response"); Pet. ¶ 3. The Government argues that this difference is dispositive, Dkt. No. 10 ("Gov't's Br.") at 8–10, but the determination that 8 U.S.C. § 1226(a) applies does not turn on whether a noncitizen was released on his own recognizance. *See, e.g.*, *Comes v. Francis*, 2025 WL 3206491, at *1 (S.D.N.Y. Nov. 14, 2025) (granting habeas petition for noncitizen who was detained after living in the United States "continuously for at least five years," but who was not released on his own recognizance after an initial detention).

The Court reaches the same conclusions here: Mr. Sandoval Abzun's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza*, the Court granted Mr. Sandoval Abzun's Petition and ordered his release from custody on November 25, 2025.

Mr. Sandoval Abzun also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Pet. at 18. Under the EAJA, a court shall award to a "prevailing party" reasonable fees and expenses incurred in a "civil action" against the United States unless the court finds that "the position of the United States was substantially justified." 28 U.S.C § 2412.

"A party prevails if the court grants relief to the party based on 'an assessment of the merits' and thus 'unquestionably' and 'materially alter[s] the existing legal relationship between the parties.'" *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at \*13 (S.D.N.Y. Nov. 26, 2025) (quoting *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005)). Habeas petitions "challenging immigration detentions" are "civil actions" within the meaning of the EAJA. *Id.*

Here, Mr. Sandoval Abzun is the prevailing party in a civil action against the United States. The Court finds that the Government's position "was not substantially justified," since it does not "and has never had a reasonable basis in statutory text, structure, or history." *Id.* Mr. Sandoval Abzun is entitled, therefore, to reasonable fees and costs. He may submit an application for fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 by February 16, 2026.

SO ORDERED.

Dated:      January 13, 2026
            New York, New York

_____
Ronnie Abrams
United States District Judge

3